PEOPLE OF PUERTO RICO, Plaintiff, and Appellee, *v.* JULIO DEL VALLE, Defendant and Appellant.

No. 8465.   Argued February 4, 1941.—Decided February 10, 1941.

*Eudaldo Báez García* for appellant.   *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for The People, appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

We agree with the appellant and the Prosecuting Attorney of this Court that the judgment appealed from is not upheld by the evidence.   The appellant was charged with an offense of libel consisting in the publication by *"El Mundo"*, a daily newspaper of this city, of a certain article that both the complainant and the trial court considered libelous.   An issue of the above mentioned daily in which said article appears as if it were signed by the defendant, was offered in evidence, but its original was not brought forward, and the sole evidence tending to prove that the defendant is its author was the testimony of the witness Fernando Sierra Berdecia, a reporter of *"El Mundo"*, who stated that the original of the article had been destroyed; that it was received through the mail accompanied by a letter requesting its publication; that he is not familiar with defendant's signature, but "that he arrives at the conclusion" that defendant is the author of this article because he is the President of the Stevedores' Union, and the article was signed by "Julio del

Valle, President of the Pier Workers' Union No. 3''; that the defendant, according to the witness, never drew attention to the fact that he was not its author; that Mr. del Valle used to send information to *"El Mundo"*, some times through the local agent in Mayagüez, other times by letter, and he never wrote to *"El Mundo"* stating that the articles published were not his. This is the only evidence which the trial court had before it, connecting the defendant with the commission of the crime.

The mere fact that appellant did not clear away any possible misunderstanding when an article appeared published under a name the same as his, does not prove beyond a reasonable doubt that he was its author, since he was under no legal obligation to do so.

For these reasons, without considering the other errors assigned by appellant, the judgment appealed from must be reversed and defendant acquitted.